IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| OMAR NATIFIE BLACK, | ) | |
|     Petitioner, | ) | Civil Action No. 7:21-cv-00054 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN STREEVAL, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Omar Natifie Black, a federal inmate proceeding *pro se*, filed a petition styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In it, he asserts challenges to the criminal judgment entered against him in Case No. 1:17-cr-00384 in the United States District Court for the District of Maryland.

Respondent has moved to dismiss the petition in its entirety, and Black filed a response in opposition. Upon consideration of the parties' arguments, the court agrees that it lacks jurisdiction over Black's claims. For this reason, discussed below, the court will grant respondent's motion to dismiss and dismiss Black's petition for lack of jurisdiction.

## I. BACKGROUND

In his underlying criminal case, Black was indicted on a number of counts, and he pled guilty to two: (1) Count Two, which charged him with distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (2) Count Sixteen, which charged him with possession of a firearm in furtherance of a drug trafficking crime, as charged in Counts One and Fifteen, in violation of 18 U.S.C. § 924(c). He pled guilty pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which, once accepted, binds the court to impose the sentence agreed upon by the parties. Consistent with the parties' agreement, the district court imposed a sentence of 156 months, consisting of 96 months on Count Two and 60 months on Count

Sixteen, to run consecutively. *Black*, Dkt. Nos. 60, 63. The sentence was imposed on November 29, 2017.

Black did not file a direct appeal, but he filed a motion to vacate under 28 U.S.C. § 2255, which was received by the court on January 7, 2019. Black asserted that he had filed it on November 26, 2018, pursuant to the mailbox rule.[1] It is not necessary to discuss in detail his § 2255 arguments, but he did not raise the arguments he raises in his § 2241 petition, and his appeals and subsequent attempt to file a second § 2255 motion were unsuccessful.

In his § 2241 petition, Black asserts two distinct challenges. First, relying on *United States v. Burfoot*, 899 F.3d 326, 327 (4th Cir. 2018), he contends that "*Burfoot* substantively changed the law by addressing duplicitous and double jeopardy interpreting federal criminal statutes" and that the decision "renders noncriminal the conduct" on which his § 924(c) conviction in Count Sixteen was based. (Pet. 3–4, Dkt. No. 1.) Second, relying on *Dean v. United States*, 137 S. Ct. 1170 (2017), he challenges his sentence. Neither of these cases, however, entitles him to proceed under § 2241 or gives this court jurisdiction over his claims.

Based on his arguments, the court concludes that he is attempting to proceed pursuant to the Fourth Circuit's decisions in both *In re Jones*, 226 F.3d 328 (4th Cir. 2000), and *United States v. Wheeler*, 866 F.3d 415 (4th Cir. 2018), which set forth the circumstances under which a petitioner may use § 2241 to challenge his conviction and sentence, respectively.

## II. DISCUSSION

Ordinarily, a motion pursuant to § 2255, not § 2241, is the appropriate vehicle for challenging a conviction. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of

---

[1] For purposes of this § 2241 motion, the court accepts the earlier date as the filing date.

habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2]

Section 2255 is inadequate or ineffective to test the legality of a conviction only when the following three requirements are met:

1. At the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

3. The prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. These requirements are jurisdictional. Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must meet the *Jones* test for the district court to have jurisdiction to evaluate the merits of his claims. *See Wheeler*, 866 F.3d at 423–26.

To the extent that Black is challenging his *sentence*, as opposed to his conviction, the required showing is similar. Under *Wheeler*, a petitioner may proceed under § 2241 to challenge his sentence only if he shows all of the following:

1. At the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

3. The prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

---

[2] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

3

    4. Due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429; *see also Lester v. Flournoy*, 909 F.3d 708, 712 (4th Cir. 2018).

    At a minimum, then, to utilize § 2241 to challenge his conviction, Black must point to some change in substantive law that occurred after his conviction and first § 2255 motion such that the conduct of which he was convicted is deemed not to be criminal. Likewise, to utilize § 2241 to challenge his sentence, Black must point to some substantive law that was settled at the time of his conviction, but changed after his direct appeal and first § 2255 motion and was deemed to apply retroactively on collateral review.

    The court easily concludes that Black cannot satisfy the second prong of either *Jones* or *Wheeler*. For *Jones*, Black relies on the Fourth Circuit's decision in *Burfoot*, which was issued on August 8, 2018. As noted, Black was sentenced on November 29, 2017, did not file a direct appeal, and he filed his first § 2255 motion on November 26, 2018, more than three months *after Burfoot* was decided. Thus, *Burfoot* cannot be used to satisfy the second *Jones* requirement because it was not a change in law that occurred *after* Black's direct appeal (which he did not file) and § 2255 motion. The court thus lacks jurisdiction over any claim based on *Burfoot*.[3]

    With regard to Black's challenge to his sentence, the only alleged change in law upon which Black relies is the Supreme Court's decision in *Dean*. 137 S. Ct. 1170. There, the Supreme Court held that, when sentencing a defendant for a conviction under 18 U.S.C. § 924(c), which requires a mandatory consecutive sentence, and for other, non-924(c) counts at the same time, a sentencing court may vary downward on any non-924(c) counts in order to reach a just aggregate sentence on all the counts. *Id.* at 1178.

---

[3] In light of the timing of *Burfoot* relative to Black's criminal proceedings, it is not necessary to discuss the subject matter of *Burfoot* or to address the respondent's other arguments based on *Burfoot*. (*Cf.* Mot. Dismiss 11–14.)

*Dean* is of no assistance to Black, either, because it was decided on April 3, 2017, months *before* Black pled guilty and was sentenced, which occurred in November 2017. Thus, it cannot be used to satisfy the second requirement of *Wheeler*. Moreover, numerous courts, including this one, have recognized that *Dean* did not create a substantive change in the law retroactively applicable on collateral review and so cannot satisfy *Wheeler*'s second prong for this additional reason. *Williams v. Streeval*, No. 7:21CV00050, 2021 WL 6048953, at *4 ("[T]he *Dean* ruling has not been deemed retroactively applicable to cases in collateral review."); *Diaz v. Warden, FCI Beckley*, No. 5:18-CV-00248, 2019 WL 6717635, at *1 (S.D.W. Va. Dec. 10, 2019) ("[C]ourts have consistently held that *Dean* "does not represent a substantive change in the law that applies retroactively on collateral review.") (quoting *Adams v. Coakley*, No. 1:17CV180, 2019 WL 3428549, at *3 (N.D. W. Va. July 30, 2019); *Alexander v. United States*, No. 6:18-cv-339-Orl-28GJK, 2019 WL 404016, at *4 (M.D. Fl. Aug. 27, 2019) (collecting cases). Indeed, the Fourth Circuit, albeit in an unpublished decision, has squarely held that *Dean* cannot support a § 2241 motion under *Wheeler* because it is not retroactively applicable. *Habeck v. United States*, 741 F. App'x 953, 954 (4th Cir. 2018).

Accordingly, the court finds that Black fails to meet the tests in either *Jones* or *Wheeler* to show that § 2255 is inadequate and ineffective to test the legality of his conviction or sentence, and his claims cannot be addressed under § 2241.

### III. CONCLUSION

Because Black cannot proceed under § 2241, his petition must be dismissed for lack of jurisdiction. An appropriate order will be entered.

Entered: March 11, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge